Rachel E. Flinn, Esq. #027000
3838 N. Central Ave., Ste. 800
Phoenix, Arizona 85012
(602) 277-8996
*rflinn@ch13bk.com*
Attorney for Russell Brown, Chapter 13 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| In re:<br><br>NATALIE ELAYNE JOHNSON,<br><br><br><br><br><br>Debtor. | In Proceedings Under Chapter 13<br><br>Case No. 2:16-bk-10288-EPB<br><br>**TRUSTEE'S MOTION FOR A COURT ORDER ALLOWING TRUSTEE TO LIMIT COMMUNICATION WITH DEBTOR PURSUANT TO 11 U.S.C. §704(a)(7) AND REQUEST FOR HEARING** |
|---|---|

Russell Brown, Chapter 13 Trustee, by and through counsel undersigned, hereby requests the Court set a hearing on Trustee's Motion for a Court Order Limiting Communication with Debtor Pursuant to 11 U.S.C. §704(a)(7). The Trustee further requests a Court Order prohibiting Debtor's communication with the Trustee except by a pleading filed with the Court.

1. On September 7, 2016, Debtor filed for Chapter 13 relief and filed the original Plan.

2. On January 5, 2017, Debtor filed her first amended Plan (Doc. #18), and a second amended Plan on September 26, 2017 (Doc. #26). Pensco Trust Company Custodian FBO Mark A. Greenberg IRA, ("Pensco"), filed objections to each of the three Plans (Docs. #11, #26, #38). Pensco holds the first deed of trust on Debtor's residence.

3. On December 8, 2017, the Trustee filed his Recommendation on the Second Amended Plan. The Recommendation required that the Debtor resolve Pensco's Objection to Plan Confirmation and that the Debtor cure the Plan payment delinquency (Doc. #49).

4. On January 26, 2018, the Trustee set a status hearing for February 27, 2018 (Doc. # 50).

5. On January 31, 2018, Kenneth Neeley filed a Motion to Withdraw as Attorney (Doc. #51). Mr. Neeley cited a breakdown in the attorney-client relationship as his reason for withdrawing as counsel.

6. On February 12, 2018, a Notice of Hearing on the Motion to Withdraw as Attorney was filed (Doc. 53). The hearing was scheduled for the same date as the Status Hearing, February 27, 2018.

7. On February 20, 2018, Debtor filed a pro-se response requesting a 30-day continuance of the hearings (Doc. #55). Based on the Debtor's request, the Court continued the hearings to April 3, 2018 (Doc. #57). Based on another request by the Debtor, the Court continued the hearings to April 6, 2018 (Doc. 51). The Trustee notes that the Court held two Friday hearings, which are atypical for the Court's calendar, in order to accommodate the Debtor's schedule.

8. On April 6, 2018, the Court heard the Debtor's concerns regarding her case and Mr. Neeley's Motion to Withdraw. The Court granted Mr. Neeley's Motion to Withdraw as Counsel. The Court further noted its concerns regarding the Debtor's financial situation and questioned whether or not the case should be converted to Chapter 7. The Court urged the Debtor to visit the Self-Help Center. Pensco's attorney had objected to the Plan on the basis that the Plan failed to pay Pensco's attorney fees in addition to concerns regarding feasibility. A proposed Stipulated Order Confirming Plan resolving Pensco's objections was discussed. The Court continued the hearing to May 4, 2018. The Court again urged the Debtor to seek legal advice prior to the next hearing (Doc. #71).

9. On April 18, 2018, the Court entered an order approving Mr. Neeley's attorney fees in the full amount of $4,500.00 (Doc. 18). Debtor's Objection to Order Granting Attorney Fees (Doc. 78), was scheduled for a hearing on the same date as the continued status hearing.

10. At the May 4, 2018 Hearing, the Court took the matter of the Debtor's Objection to Attorney Fees, under advisement and later issued an order denying the Debtor's Objection to Counsel's Attorney fees (Doc. #86).

11. Further, at the May 4, 2018 Hearing, Trustee's Counsel advised the Court that an agreement had been reached between Pensco and the Debtor. The minute entry shows that Trustee's counsel had circulated a proposed SOC to Pensco's attorney and Ms. Johnson. Further, the parties were in agreement that if Debtor remained current on plan payments and post-petition mortgage payments through July 2018, Pensco would sign off on the SOC. During this time period (May 4, 2018-July 2018), Pensco would not accrue any additional attorney fees. The Court continued the matter to August 10, 2018 (Doc. #86).

12. On August 22, 2018, the Court granted the Stipulated Order Confirming Plan (Doc. #91). The Debtor endorsed the Stipulated Order Confirming Plan ("the SOC). Paragraph C(2)(a) of the SOC clearly itemizes the amount owed to Pensco and states that the amount includes attorney fees. The Trustee notes that the Debtor did not file any formal objection to the proof of claim and endorsed the order accepting the amount of mortgage arrears and attorney fees.

13. Despite both Trustee's counsel and the Court urging the Debtor to seek legal advice, the Debtor chose to accept the terms of the SOC without the assistance of an attorney. Further, despite the Court's concerns regarding Debtor's income level and plan feasibility as noted in the minute entry at Docket #71, the case was finally confirmed nearly two years after the filing date, and only after several hearings, and the cooperation of all the parties.

14. Now, more than 230 days post confirmation, the Debtor has sent multiple emails to the Trustee's Office voicing her concerns about the amount owed to Pensco and objecting to Pensco's attorney fees. The Trustee's office has supplied the Debtor with documentation verifying the balance owed on the mortgage arrears and the attorney fees to Pensco. However, the Debtor still

raised concerns that these amounts were somehow incorrect. Trustee's counsel emailed the Debtor to suggest a status hearing where Debtor could raise her concerns on the record. The Debtor stated that she does not want to "meet with" Trustee's counsel and prefers to file a formal complaint against the Trustee's Office with the United States Trustee. Nonetheless, the Trustee believes that the best place to resolve the Debtor's concerns regarding the SOC is on the record at a formal hearing.

15. Between May 1, 2018, through April 11, 2019, a review of email communications between Debtor and Trustee's counsel shows well over 150 emails between Trustee's Counsel and the Debtor. This email count does not include emails that the Debtor has sent to other staff members at the Trustee's Office or emails from Trustee's counsel to Pensco and other interested parties in order to facilitate confirmation of the Plan. Many of the Debtor's emails start off with an innocent question regarding plan payments or the Plan payoff amount, but quickly devolve into threats and accusations. The Debtor has accused her former counsel, Pensco, and the Trustee of unethical behavior. The Trustee believes that the Debtor's accusations are baseless.

16. The Trustee's staff has wasted numerous hours attempting to explain the terms of the Plan and assist the Debtor, all to no avail. Debtor has failed to seek relief in the form of an objection to Pensco's proof of claim or a revocation of the SOC pursuant to 11 U.S.C. §1330(a). Instead, she continues to bombard the Trustee's office with emotional emails that are without legal merit.

17. Eleven U.S.C. §704(a) states, "The trustee shall-(7) Unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest." The Trustee notes that the Debtor's case is confirmed and all questions regarding

plan payment status and disbursement amounts may be obtained using the National Data Center website at https://www.ndc.org[1].

18. Given the amount of unnecessary resources that the Trustee must allocate to respond to Debtor's lengthy emails and the Debtors' baseless accusations that the Trustee has acted unethically, the Trustee requests an order of the Court barring the Debtor from emailing or calling the Trustee's office in the future. All future communications which cannot be resolved by the Debtor accessing her case information on the National Data Center website, should be filed by the Debtor in the form of a court pleading.

19. The Trustee has been a standing trustee for over 22 years. This is the first case where the Trustee has sought a court order limiting a debtor's communication with the Trustee's office. The Trustee is not aware of any published decisions determining when it is appropriate for a court to grant a trustee's motion to limit communications between a pro-se debtor and the trustee.

20. Given the Debtor's track record of falsely accusing former counsel, Trustee's counsel, the Trustee, Pensco's counsel, and even the Court, of unethical behavior, the Trustee believes that transferring this case to another trustee would not appease the Debtor. The Trustee believes that the Debtor would quickly levy the same complaints against the newly assigned trustee.

Wherefore, based on the foregoing, the Trustee requests the Court set a hearing on Trustee's Motion for a Court Order Allowing the Trustee to Limit Communications with the Debtor pursuant to 11 U.S.C. §704(a)(7) and for a Court Order prohibiting Debtor's communication with the Trustee except by a pleading filed with the Court.

By: /s/ R. Flinn
Rachel E. Flinn, Esq. 027000
Staff Attorney for Chapter 13 Trustee

Rachel Flinn
Russell Brown, Chapter 13 Trustee; 3838 N. Central Ave., Ste. 800, Phoenix, AZ 85012
2019.04.12 15:06:01 -07'00'

---

[1] The National Data Center is a nonprofit organization that makes Chapter 13 case data available to Chapter 13 debtors without charge.

Case 2:16-bk-10288-EPB    Doc 98    Filed 04/12/19    Entered 04/12/19 15:05:38    Desc
Main Document    Page 5 of 6

| | |
|---|---|
| 1 | Copy of the foregoing was mailed |
| 2 | or emailed to the following parties on the date of the electronic signature affixed hereto: |
| 3 | NATALIE ELAYNE JOHNSON |
| 4 | 625 S. WESTWOOD CIRCLE, UNIT 172<br>MESA, AZ 85210 |
| 5 | (Pro-se Debtor) |
| 6 | |
| 7 | DAVID L. KNAPPER |
| 8 | LAW OFFICES OF DAVID L. KNAPPER |
| 9 | dlk@knapperlaw.com<br>(Creditor for Pensco) |
| 10 | |
| 11 | Elizabeth C. Amorosi, Esq.<br>OFFICE OF THE UNITED STATES TRUSTEE |
| 12 | Elizabeth.C.Amorosi@usdoj.gov |
| 13 | R. Fl. |
| 14 | Rachel Flinn<br>Russell Brown, Chapter 13 Trustee; 3838 N. Central Ave., Ste. 800, Phoenix, AZ 85012<br>2019.04.12 15:06:08 -07'00' |